## BRIGGS FULLER
### v.
## JOHN BATES.

1. APPEAL—CERTIFICATE OF IMPORTANCE—REFUSAL OF.—The judgment of the court below was affirmed. An appeal was prayed to the Supreme Court and motion made for a certificate of importance, the judgment being under $1,000. The certificate was refused but the order allowing the appeal was entered, the court stating that there was no question involved which would allow it to grant a certificate. The case was docketed in the

Fuller v. Bates.

Supreme Court, and continued for the purpose of allowing the appellant to obtain the required certificate, held that there was no question involved which would authorize the court to exercise its judicial discretion under the statute and such certificate was refused.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed January 19, 1881.

SAMUEL RICHOLSON, for appellant.

Messrs. JORDAN & STOUGH, and Messrs. DOUD & WING, for appellee.

PER CURIAM. In this case at a former term of this court, the alleged certificate of the court below, that the record contained all the evidence heard in the case, was stricken from the record, for reasons stated in the opinion of the court then filed, and the judgment of the court below was affirmed. 6 Bradwell, 442.

Upon the affirmance of the judgment, the appellant prayed for an appeal to the Supreme Court and moved for a certificate of importance under the statute, as the amount of the judgment was less than $1,000, exclusive of costs.

Upon consideration of the motion, we could not judicially say that the case involved any questions of law of such importance, either on account of principal or collateral interests, as to require a decision thereon by the Supreme Court, and therefore overruled the motion for a certificate to that effect, at the same time stating to counsel for appellant, that if he so desired, he might take an order allowing an appeal without such certificate, and he must run the risk of being able to obtain, in the Supreme Court, a review of the action of this court in the premises.

The appellant perfected an appeal by filing bond, and as we are now advised by papers filed herein, the cause was continued at the last September term of the Supreme Court to enable him to again apply for such certificate.

The application has been made at this term, and we have

carefully considered the same, and have found no sufficient reason to depart from our former determination.

There are no such questions of law in the case, as we can discover, that in the contemplation of the statute must exist to justify us in exercising that judicial discretion with which the statute invests us. If we should certify this cause to the Supreme Court, we see no valid reason why we should not do the same in every case where the parties are not satisfied with the judgment of this court.

The motion for a certificate of importance must be overruled.

Motion overruled.